ROBERT M. MURPHY, Judge.
|gIn this child custody dispute involving a five-year-old boy and an eight-year-old girl, born to unwed parties, the father, appellant William DeMelo,[1] appeals the January 17, 2014 trial court judgment in favor of the mother, appellee Heather Willis (now Heather Horton), which modified the parties’ January 9, 2012 consent judgment on custody and visitation. Appellant contends that the trial court’s admission of hearsay testimony violated a pretrial, stipulation of the parties and that appellee failed to meet the burden of proof to modify custody. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On October 11, 2011, appellee filed a Petition for Joint Custody. On November 17, 2011, the parties executed a “Joint Custody Visitation Schedule” in which appellant was designated as domiciliary parent of the son, and appellee was designated as domiciliary parent of the daughter. The trial'court signed the |sConsent Judgment on January 9, 2012. On June 19, 2013, the mother filed a Rule to Modify Custody seeking sole custody of both children, to limit appellant’s visitation, and to obtain child support. She based her custody argument on domestic disputes between appellant and his new wife, Rebecca De-Melo.
*59 At the December 19,-2013 hearing on custody rule, the parties entered a stipulation with appellant pro se and appellee represented by counsel. The parties agreed that the police reports would be admitted into evidence and that appellant’s current wife would not be called as.a witness:
THE COURT: All right. So for the record, y’all are going to stipulate — what is the stipulation, Ms. Turnage? .
MS. TURNAGE: I had issued a subpoena duces tecum, Your Honor, to Livingston Parish Sheriffs Office requesting any police reports issued in connection with a William DeMelo or any reports generated as result of calls coming out of the home of William DeMelo. I received a response from Eric Pittman. That response contains police reports. I believe there are five in here. And the stipulation would be that if police officers who prepared the reports were called to testify, that they would testify in accordance with the report [sic],
THE COURT: And the agreement between the two of you is, even though that that might possibly be hearsay, Mr. DeMelo will not object to those being admitted and, in return, you will not call his wife as a witness; is that correct?
MS. TURNAGE: That’s correct. Your Honor.
THE' COURT: All right. It that your stipulation, Mr. DeMelo?
WILLIAM DeMELO: Yes, Your Hon- or. (Emphasis added).
The trial court heard testimony of the parties and appellee’s new husband, John Horton. Appellees’ testimony included hearsay, specifically things she was told by appellant’s wife. In its judgment and assigned reasons of January 17, 2014, the trial court named appellee the domiciliary parent for both children, limited appellant’s- custodial access, ordered appellant to be evaluated and to comply with Ranger management recommendation, and ordered that he pay appellee $1,153.68 in monthly child support. The trial court indicated that:
Evidence consisted of testimony from both parties, police reports, medical and school records, and a worksheet on child support. The evidence clearly demonstrates that -since the consent judgment, the defendant has exhibited some concerning behaviors. - Numerous police complaints ;of domestic violence, text messages indicating a possible suicide, and the almost routine tardiness for school are disturbing.
Appellant’s appeal was granted on March 6,2014. ..
STANDARD OP REVIEW
The appellate, court must consider whether the particular evidentiary ruling complained of was erroneous, and if so, whether the error prejudiced the complainant’s case, with - reversal warranted only if the error prejudiced the complainant’s case. Crisler v. Paige One, Inc., 42,563 (La.App. 2 Cir. 1/9/08), 974 So.2d 125. A child custody matter must be viewed within the context of its own particular set of facts, and a trial court’s determination in such matters is entitled'to great weight and will not be overturned on appeal absent a clear showing of abuse of discretion. Silbernagel v. Silbernagel, 06-879 (La.App. 5 Cir. 4/11/07), 958 So.2d 13.
ASSIGNMENTS OF ERROR
■ In his first assignment of error, appellant contends that the trial court committed legal error in vitiating and/or materially altering during trial the parties’ pretrial evidentiary stipulation by allowing unsubstantiated hearsay evidence (the police incident reports) and testimony (via plaintiff- *60 appellee) to be, introduced into evidence, thereby depriving appellant of his constitutional right to confront/crossexamine witness testimony and evidence offered against him.-
In his second assignment of error, appellant contends the trial court violated the Code of Judicial Conduct and committed legal error, whether deliberately -or |snot, in failing to remain impartial/neutral as referee of the trial proceeding,- to the prejudice of appellant, who was representing himself when the trial court vitiated and/or materially altered during trial the pretrial evidentiary stipulation of the parties.
In his third assignment of error, appellant contends that the trial court committed legal error and/or abused its discretion in its specific rulings as to custody and child support, given the evidence, or lack thereof, the testimony, and the history of the parties' custodial arrangement for their children, ie., dbes the trial court’s relianee on the factors cited constitute an abuse of discretion, and did plaintiff fail to meet her burden of proof of modification?
LAW AND DISCUSSION
- In assignment of error number one, appellant contends that the trial court vitiated the parties’ stipulation by allowing testimony from appellee regarding things she had been told by appellant’s current wife. He contends this violated the “essence” of the stipulation to exclude testimony, live or via a third person, of appellant’s current wife by permitting the introduction of the police reports.
Appellee contends that the trial court did not commit legal error and did not alter the stipulation of the parties by allowing unauthenticated hearsay evidence and testimony to be introduced into evidence.
Upon review, we find that the trial court ■ did not vitiate the stipulation of the parties. On review of the parties’ stipulation, we find that the trial court did not err. The parties’ restriction .not to call a witness clearly identified appellant’s new wife. Additionally, while appellant initially objected to hearsay, he withdrew 'his objection on the-record!
WILLIAM DeMELO: Your Honor, I object. The agreement was that my wife' wouldn’t testify if they were- allowed to give police'reports.
| fiTHE COURT: Right.
WILLIAM DeMELO: Now statements are being made by my wife and the police reports are already part of evidence to the Court. And—
THE COURT: Right. But your wife is not going to be called as a witness.
WILLIAM DeMELO: I .understand. But I was told that hearsay was going to be allowed that my wife — communications between my wife and her. It was .strictly — the agreement—
THE COURT: She can — well, the only alternative is she can call your.wife.
WILLIAM DeMELO: Well¡ the Court already has the police reports,
[[Image here]]
THE COURT: The reason you stipulated to the réports is because you did not want them to call your wife.
WILLIAM DeMELO: Correct.
THE COURT: So we agreed that hearsay would be admitted in lieu of your wife testifying. You agreed, not me.
WILLIAM DeMELO: Right, I understand.
THE COURT: You agreed that hearsay would be admitted; you would not object to it in lieu of your wife being called. So I’m going to allow—
WILLIAM DeMELO: The police reports, , -
THE COURT: Well, but-
*61 WILLIAM DeMELO: I didn’t know any—
THE COURT: The police reports were admitted but I — and I explained to you that they might be hearsay. But I’m not — but I’m not going to order to hold her to not allowing any other thing else in, because the alternative — well 1*11 tell you what. It’s up to you. She can call your wit — your wife, and talk to your wife— . :
WILLIAM DeMELO: • Yeah, she doesn’t want to testify.-1 As long as'I’m allowed to give hearsay testimony from my wife, I’m ok with it.
THE COURT: Well, you can calk your wife as a witness.
[[Image here]]
17WILLIAM DeMELO': I understand but I’m going to respect her enough to have her wishes, and she wants á good relationship with the kids, and Héather and John.
THE COURT: So do you want to allow the hearsay?
WILLIAM DeMELO: No. No, I won’t, Your Honor.
THE COURT: You’re not going to object fo the hearsay then?
WILLIAM DeMELO: No, I’m not going to object to the hearsay.
(Emphasis added).
In withdrawing his objection here, appellant waived his right to complain that the evidence was improperly admitted. See Jackson v. Mayo, 42,970 (La.App. 2 Cir. 2/13/08), 975 So.2d 815, writ denied, 08-0553 (La.4/25/08), 978 So.2d 371. Additionally, appellant representing himself here assumed all responsibility for any inadequacy or lack of knowledge of procedural and substantive law. See Harry Bourg Corp. v. Verrett, 92-2217 (La.App. 1 Cir. 11/24/93), 633 So.2d 285, 286. Accordingly, the stipulation was not violated. Assignment of error number one therefore lacks merit.
• In assignment of error number two, appellant contends that the trial court in admitting the hearsay violated Judicial Canon 2,[2] by failing to avoid impropriety or the appearance of impropriety, and Judicial Canon 3,[3] by-failing to act impartial *62 ly. IsAppellant contends that the trial court prejudiced his casé'by overruling his hearsay objections. Contrariwise, appellee contends that the trial court did not commit legal error in failing to remain impartial/neutral as a referee of the trial proceeding.
We find the issue of any violation of judicial canons within this case to be mooted by the Court’s ruling on the first assignment of error, as no such legal error did occur. Additionally, violations of judicial canons are governed solely by the Louisiana Supreme Court which has exclusive, original jurisdiction over such violations. La. Const. Art. 5, Sec. 25; Prejean v. Barousse, 12-1177 (La.1/29/13), 107 So.3d 569.
Assignment of error number two.lacks merit.
In assignment of error number three, appellant contends that the, trial court abused its discretion in granting ap-pellee’s rule to modify child custody. He contends that evidence was not sufficient to satisfy appellee’s burden of proof as to a material change in circumstances and that trial court did not cite one relevant factor under La. C.C. arts. 131[4] & 134 [5] to grant modification based on the children’s best interest. See Harper v. Harper, 00-1425 (La.App. 5 Cir.2001), 777 So.2d 1275, writ denied, 01-768 (La.5/11/01), 792 So.2d 736. He further contends that child support relief was improperly calculated as the trial court failed to inquire as to expense sharing with the new spouse.
| sAppellee contends that the trial court did not commit legal error and/or abuse its discretion in its specific rulings as to custody and support. Evidence including police reports introduced in globo, indicate the following events subsequent to the January 9, 2012 Consent Judgment:
On March 4, 2012, appellant’s new wife Rebecca called the police to report an argument with spouse and damage to property, On April 30, ■ 2012, an argument ensued between appellant and Rebecca regarding financial matters. On November 4, 2012, a text message from appellant read, “I’m done ... tell the kids I love them and I’m sorry for what I’m about to do.” On April 1, 2013, appellee reported to police that appellant punched her during child exchange. On May 22, 2013, appellant called the police complaining ap-pellee was not complying with the exchange of the children. On June 12, 2013, appellant called the police to report an argument with the current wife. She responded that she was “extremely afraid of him.” Appellant allegedly quit his nursing job from July 2013 to November 2013 thereby causing financial problems. There was evidence that one child had been tardy to school six times in six months but no absences or decrease in grades.
Based on the evidence, including the police reports admitted at trial, we find the *63 trial court did not abuse its discretion in finding a change of circumstances after the January 9, 2012 consent agreement in the best interest of the children.. In its .reasons, the trial court did address the best interest of the children affected by.-factors in the police report: DeMelo’s family stability, La. C.C. art. 134(4), and the children’s history of home, school, and community, La. C.C. art. 134(8).
We further find that the trial court did not abuse its discretion in not -considering either parent’s expense sharing benefit. Expense sharing' of the second |inspouse is discretionary.[6] See Ficarra v. Ficarra, 11-569 (La.App. 5 Cir. 2/14/12), 88 So.3d 548, 556. There was no error on the support worksheet in using appellant’s current salary figure in his new employment. Accordingly, we find the trial court did not abuse its discretion as to custody or support.
Assignment of error number three lacks merit.
DECREE
For the reasons above, we affirm.the judgment of the trial court.

AFFIRMED

. The surname is spelled “Demelo” and "De-Melo,” but more often DeMelo in appellant’s brief.

. Judicial Canon 2 provides:
A. A judge shall respect and comply with the law and shall act at all tirpes in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
As used in this Code, "impartiality” or "impartial” denotes absence of bias; or prejudice in favor or, or against, particular parties or classes of-parties, as well as . maintaining an open mind in considering issues that may come before the judge.

. Judicial Canon 3 provides:
The judicial duties of a judge take precedence over all other activities. Judicial duties include all the duties of office prescribed by law. In the performance of these duties, the following standards apply:
A. Adjudicative Responsibilities
(1) A judge shall be faithful to the law and maintain professional competence in it. A judge shall be unswayed by partisan interests, public clamor, or fear of criticism. . (2) A judge shall maintain order and decorum in judicial proceedings.
(3) A judge shall be patient, dignified, and courteous to 'litigants, jurors, witnesses, lawyers, and others with whom the judge deals in .an official capacity, and should require similar conduct of lawyers, and of staff, court officials, and others subject to the judge’s direction and control.
(4) A judge shall perform judicial duties without bias or prejudice. A judge shall not in the performance of judicial duties, by words or conduct manifest bias or prejudice, and shall not permit staff, court officials or others subject to the judge’s direction-control to do so. A judge may make reasonable efforts, consistent with the law and court rules, to facilitate the abilities of. gll litigants-, including self-rep- . resented litigants, to be fairly hears, provided, however, that in so doing, a judge should not give self-represented litigants *62 an unfair advantage or create an appearance of partiality to the reasonable person.

. La. C.C. art. 131 provides: “In a proceeding for divorce or thereafter, the court shall • award custody of a child in accordance with the best interest of the child.”

. La. C.C. art. 134 provides in part:
The court shall consider all relevant factors in determining the best interest of the child. Such factors may include:
[[Image here]]
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
* Ss *
(8) The home, school, and community history of the child.

. The permissive language of La, R.S, 9:315(C)(5)(c) provides:
The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall .not consider the income of another spouse, regard less of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party’s actual expenses. (Emphasis added).