**Leonard J. DAZET, Jr.**

v.

**Melinda PRICE, Wife of Leonard J. Dazet, Jr.**

**NO. 16–CA–362**

Court of Appeal of Louisiana, Fifth Circuit.

December 7, 2016

COUNSEL FOR PLAINTIFF/APPEL-LANT, LEONARD J. DAZET, JR., John Y. Kennedy

COUNSEL FOR DEFENDANT/AP-PELLEE, MELINDA PRICE, WIFE OF LEONARD J. DAZET, JR., Melinda Price–Bedi

Panel composed of Susan M. Chehardy, Marc E. Johnson, and Robert M. Murphy

**MURPHY, J.**

|₁Appellant, Leonard Dazet, Jr., has appealed the trial court judgment awarding child support in the amount of $1,550 per month. For the following reasons, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

Mr. Dazet and Ms. Melinda Price Bedi were married on April 10, 2001. Their daughter, Lennie, was born on June 5, 2001. Mr. Dazet and Ms. Bedi separated on June 13, 2002 and were divorced on April 4, 2003. Initially the parents shared custody, with each parent alternating three-day periods of time with Lennie. On April 16, 2004, the parties were awarded joint custody of Lennie, with Mr. Dazet being designated as the domiciliary parent, and Ms. Bedi having specified visitation with Lennie. Over the years, Ms. Bedi was granted increased visitation. In a judgment dated July 28, 2015, Ms. Bedi was designated as primary domiciliary parent; Mr. Dazet was granted specified visitation [1].

On August 18, 2015, Ms. Bedi filed a Motion to Modify Child Support Due to Change of Custody. Following several motions for productions of documents and hearings on motions for contempt, on April 13, 2016, the trial court rendered judgment ordering Mr. Dazet to pay $1,550 per month for support of Lennie retroactive to the date of filing. On May 13, 2016, Mr. Dazet was granted a devolutive appeal.

---

1. This judgment was affirmed by this court. Dazet v. Price, 16–228 (La.App. 5 Cir. 9/22/16), 2016 LEXIS 1726, 202 So.3d 563.

## LAW AND DISCUSSION

On appeal, Mr. Dazet contends that the trial court failed to properly calculate his gross income, erred in determining child support, without required documentation, and failed to consider the expense sharing benefit Ms. Bedi derives |₂from her husband's payment of her living expenses. Each of these arguments will be addressed individually.

Calculation of Mr. Dazet's gross income

■ Mr. Dazet contends the trial court erred in calculating his gross income by using deposits made into his bank accounts and failing to consider his expenses. He further argues that the trial court erred in including monthly payments he received from the sale of inherited property.

An award of child support is entitled to great weight and will not be disturbed on appeal absent an abuse of discretion. Rutland v. Rutland, 13–70 (La.App. 5 Cir. 7/30/13), 121 So.3d 776, 781. Factual determinations made by the trial court in awarding child support will not be reversed absent a finding of manifest error. Ficarra v. Ficarra, 11–569 (La.App. 5 Cir. 2/14/12), 88 So.3d 548, 552.

The child support obligation is calculated according to La. R.S. 9:315.2 using each party's adjusted gross income. La. R.S. 9:315(C)(3) defines "gross income" as:

(a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, recurring monetary gifts, annuities, capital gains, social security benefits, workers' compensation benefits, basic and variable allowances for housing and subsistence from military pay and benefits, unemployment insurance benefits, disaster unemployment assistance received from the United States Department of Labor, disability insurance benefits, and spousal support received from a preexisting spousal support obligation;

(b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent's personal living expenses. Such payments include but are not limited to a company car, free housing, or reimbursed meals; and

(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of a business, or joint ownership or a partnership or closely held corporation. "Ordinary and necessary expenses" shall not include amounts allowable by the Internal |₃Revenue Service for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.

■ The party seeking the subtraction of "ordinary and necessary" expenses from the gross receipts bears the burden of proving the expenses are "ordinary and necessary." Dejoie v. Guidry, 10–1542 (La. App. 4 Cir. 7/13/11), 71 So.3d 1111, 1118, writ denied, 11–1779 (La. 9/2/11), 68 So.3d 520.

At the hearing on this matter, Mr. Dazet admitted that he had three checking accounts at Iberia Bank into which monthly deposits were made. One account was his personal account, one account was for the lease of a property known as Crystal Plantation and the third account was for Lennie 12, LLC, an entity which owns a 12 unit apartment complex. Mr. Dazet provided the bank statement for his personal account to Ms. Bedi. He also provided Ms.

Bedi with ledgers, prepared by his accountants, for the Crystal Plantation and Lennie 12 accounts. At the hearing, Ms. Bedi produced documentation from Iberia bank to show that the combined total monthly deposits into all three accounts averaged $15,689 per month.

When questioned as to the monthly deposits into his accounts, Mr. Dazet agreed that the average monthly deposit into the Crystal Plantation account was $6,019. He also agreed that the average monthly deposit into the Lennie 12 account was approximately $4,914 per month. Mr. Dazet testified that the monthly rent for eleven of the apartments is about $660 per month per apartment. A twelfth apartment is rented for $300 per month because that tenant does maintenance. Using these amounts as testified to by Mr. Dazet, the gross monthly income from Lennie 12 is $7,560. Mr. Dazet testified that he received cash payments from some tenants and he keeps " a couple of hundred dollars out, petty cash for things like painting, you know, stuff to do, cutting the grass, stuff like that." When questioned as to whether there was a larger amount that he did not deposit, he stated "[s]ometimes—it depends on what it is, if I have to buy something." Mr. Dazet testified that he pays a monthly mortgage note of $994 for the apartments, $105 per month for garbage pickup, as well as property taxes of $7,300 per year and insurance of $9,100 per year. No documentation was presented by Mr. Dazet to support this testimony. Mr. Dazet testified that he pays $100 per month to cut the grass; based on prior testimony, this amount is paid in cash withheld from rental deposits.

Based on Mr. Dazet's testimony regarding the gross monthly rental income of $7,560 and total expenses of $1,472,[2] the income after expenses of Lenny 12 exceeds the average monthly deposit of $4,914 by over $1,000 per month. Thus, Mr. Dazet's argument regarding failure of the trial court to take into account the ordinary and necessary expenses for the operation of Lennie 12 is without merit.

Mr. Dazet further argues that the trial court erred in including "sale proceeds from a Credit Sale of Appellant's separate immovable property in the calculation of his gross income." He explains that there is a monthly deposit into his personal bank account in the amount of $1,272.26 which are payments to him "to cover the remaining balance" of the sale of the property. La. R.S. 9:315(C)(5)(a) defines gross income from "*any* source including *but not limited to*" an enumerated list of sources. Mr. Dazet has not cited any case law, nor are we aware of any case law, to support his contention that recurring monthly payments from a credit sale are not to be included in the calculation of gross income.

The trial court is vested with great deference in fixing a child support award; the determination of a parent's gross monthly income and a parent's credibility is subject to a manifest error review. Hagan v. Hagan, 10–1432 (La.App. 3 Cir. 7/27/11), 70 So.3d 1081. The trial court has broad discretion in determining which figures are appropriate to use when calculating a parent's monthly gross income. Id. Our review indicates the trial court did not abuse his broad discretion in determining Mr. Dazet's gross monthly income.

Required documentation

Mr. Dazet contends that the trial court erred in making a determination of a child support obligation without the documentation required by La. R.S. 9:315.2. This statute states: "[e]ach party shall

**2.** This sum was reached by dividing yearly payments of $7,300 for taxes and $9,100 for insurance by 12 and adding the monthly garbage expense.

provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings."

After the testimony regarding support was concluded, the trial judge stated that there was "enough financial information" to make a ruling on support. He further stated "we have plenty enough financial records to make a ruling." These parties have been in court on numerous occasions since 2002 regarding the custody and support of Lennie. The record on appeal is a designated record. The only exhibit submitted by Mr. Dazet at the support hearing was the income and expense sheet prepared by Ms. Bedi.

In his reasons for judgment, the trial judge stated that documents produced at the hearing show Mr. Dazet has income from a number of sources, including Crystal Plantation, apartment leases on twelve apartments and the sale of a family home. The court found that "these sources at a minimum show an income of roughly $15,000 per month, with little overhead (because the Crustal Plantation income is lease/purchase, the apartments are not burdened with heavy expenses or debt, and the monthly income from the sale of family property has no apparent expenses.)" The court noted that in rendering judgment, he took into account "what has not been produced" by Mr. Dazet, noting that had Mr. Dazet provided an obligation worksheet as required by La. R.S. 9:315.2, he would have "been forced to state a fixed monthly income under oath."

In awarding support, the trial court used the obligation worksheet A provided by Ms. Bedi. This worksheet uses Mr. Dazet's income as "proven in the bank statements provided." The court then applied the Louisiana Child Support guidelines to set the child support. In the appeal of a child support award, remand for submission of further documentation is not required if there is sufficient evidence in the record for the trial court to have determined the parties' gross monthly earnings and to render a child support award in accordance with the guidelines, even if some of the required documentation is missing. Collins v. Collins, 12–726 (La.App. 3 Cir. 12/5/12), 104 So.3d 771, 774.

Mr. Dazet does not complain as to the amount of support he was ordered to pay. Rather, he contends the trial court did not have the documentation required to make a determination of support. We agree that further documentation would be helpful if this court were being asked to determine the appropriateness of the *amount* of the award. Instead, Mr. Dazet chose not to submit evidence of his income to the trial court and now seeks to use his lack of cooperation and failure to submit an obligation worksheet to the trial court in his favor to reverse the ruling on appeal. Regardless, our review of the record indicates that the trial court had sufficient evidence with which to calculate child support. This assignment of error is without merit.

### Expense sharing

In his final assignment of error, Mr. Dazet contends the trial court erred by failing to consider the expense sharing benefit derived by Ms. Bedi from her husband.

La. R.S. 9:315(C)(5)(c) provides that the court "may also consider as income the benefits a party derives from expense-sharing. ....." We find no abuse of discretion by the trial court in not considering whether Ms. Bedi benefitted from expense sharing. Given the permissive language of this statute, expense sharing of the second spouse is discretionary by the trial court. Willis v. Demelo, 14–427 (La. App. 5 Cir. 10/15/14), 182 So.3d 57, 63.

Additionally, the record is devoid of any request from the court or Mr. Dazet for relevant expense sharing documentation[3]. Because there was no request for documentation regarding expense sharing, the trial court did not err in not considering any expense sharing benefit in its calculation. Hence, this assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Mr. Dazet is cast with all costs of this appeal.

**AFFIRMED**

---

**3.** La. R.S. 9:315.2A provides in pertinent part: "Spouses of the parties shall also provide any relevant information with regard to the source of payments of household expenses upon request of the court or the opposing party, provided such request is filed in a reasonable time prior to the hearing."