STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2023 CU 1050

SERITA DEVONE MILLICAN

VERSUS

TEVIN KADEEM WADE

Judgment Rendered: **FEB 2 3 2024**

* * * * *

ON APPEAL FROM THE
TWENTY-THIRD JUDICIAL DISTRICT COURT, DIVISION B
IN AND FOR THE PARISH OF ASCENSION
STATE OF LOUISIANA
DOCKET NUMBER 133,313

HONORABLE CODY M. MARTIN, JUDGE PRESIDING

* * * * *

| | |
|---|---|
| Alan Gregory Rome | Attorneys for Defendant-Appellant |
| Jennifer Racca | Tevin K. Wade |
| Baton Rouge, Louisiana | |
| | |
| Mary K. Shoenfelt | Attorney for Plaintiff-Appellee |
| Baton Rouge, Louisiana | Serita Devone Millican |

BEFORE:  THERIOT, PENZATO, AND GREENE, JJ.

**GREENE, J.**

In this case, a father appeals a judgment ordering him to pay child support and childcare expenses for his minor child. He contends the trial court erred by calculating his child support obligation using incomplete evidence that inaccurately represented his income. The mother answers the appeal, seeking an award of additional attorney fees for defending the appeal. After review, we grant the answer to the appeal, amend the judgment, and affirm the judgment as amended.

## FACTS AND PROCEDURAL HISTORY

Serita Devone Millican and Tevin Kadeem Wade are the parents of one child, Karlie Vivian Millican-Wade, born on March 13, 2021. On February 14, 2022, Ms. Millican filed a petition to establish paternity, child custody, and child support against Mr. Wade. On February 23, 2022, the trial court signed an order setting a hearing on Ms. Millican's petition for April 19, 2022, and ordering Mr. Wade to produce certain financial documents needed to determine his income before that hearing. The order specifically named 20 companies in which Mr. Wade purportedly had an ownership interest and directed that he provide Ms. Millican documents for those and any other companies in which he had an ownership interest. As authorized by La. R.S. 9:315.2(A), the order required that Mr. Wade produce pay stubs, personal and business tax returns, profit and loss statements, balance sheets, financial statements, quarterly sales tax reports, personal and business bank statements, and business credit card statements ("income documents"). Mr. Wade did not produce the income documents as ordered.

At a June 13, 2022 hearing, the parties entered stipulations regarding custody of Karlie and the trial court re-set the child support hearing for a later date. The trial court signed a stipulated judgment reflecting the parties' stipulations on September 14, 2022. Meanwhile, on June 22nd, Ms. Millican filed a rule for contempt alleging Mr. Wade had failed to fully produce the income documents ordered by the trial court on February 23rd. The trial court set a hearing on the rule for June 29th and ordered Mr. Wade to show cause as to: (1) why he should not be held in contempt for failing

to comply with the trial court's previous order, and (2) why he should not produce income documents listed in an attached exhibit. The exhibit detailed which income documents Mr. Wade had produced and which income documents remained outstanding.

Mr. Wade produced some, but not all, of the outstanding income documents ordered by the trial court. Apparently using these documents, the parties signed written stipulations at the June 29th hearing, and the trial court signed a stipulated judgment on September 14, 2022, ordering, *inter alia*, that Mr. Wade pay $3,000.00 per month interim child support and that the parties share certain other expenses pro rata. The stipulated judgment stated that the interim child support was set "based upon the midpoint of $3,500.00 and $2,500.00 until the parties have time to exchange income information." Further, the stipulated judgment re-set the final child support obligation determination and Ms. Millican's rule for contempt for a later date and compelled Mr. Wade to produce all outstanding income documents by August 29, 2022.[1]

On April 17, 2023, Ms. Millican filed a second rule for contempt, alleging Mr. Wade had failed to pay interim child support and childcare expenses as previously ordered, resulting in arrears of over $43,400.00, and that he had still not produced income documents he had been compelled to produce. Ms. Millican's attorney also sent Mr. Wade discovery requests generally seeking the same information contained in his outstanding income documents, as well as requesting certain admissions, to which Mr. Wade did not respond.

The trial court ultimately held a hearing on May 24, 2023, to decide the final child support obligation and Ms. Millican's two rules for contempt. The parties both testified and introduced exhibits at the hearing, after which the trial court took the matter under advisement. On June 28, 2023, the trial court signed a judgment ordering Mr. Wade to pay $3,300.90 per month in child support, retroactive to

---

[1] The September 14, 2022 stipulated judgment re-set the final child support obligation determination and Ms. Millican's rule for contempt for September 29, 2022. The trial court later continued the September 29th hearing date and eventually heard the matters on May 24, 2023.

February 8, 2022, and $838.50 per month for his 90% pro rata share of childcare expenses. The judgment also held Mr. Wade in constructive contempt of court for failing to make interim child support payments as ordered in the September 14, 2022 judgment and for failing to produce certain documents to Ms. Millican. The trial court sentenced Mr. Wade to prison, but suspended the sentence upon Mr. Wade's performance of litter abatement service and his payment of arrearages totaling $48,246.37.[2]

Mr. Wade appeals the June 28, 2023 judgment. In his assignments of error, he contends the trial court erred in calculating his child support obligation using incomplete evidence that inaccurately represented his income. He admits that he failed to produce complete tax returns for several of his businesses and that he failed to answer Ms. Millican's requests for admissions, but claims that he did not produce "other returns," because they were not yet prepared. However, Mr. Wade maintains that the trial court violated La. R.S. 9:315.2(A) by using incomplete income documents and deemed admissions to determine the parties' child support obligations.

## DISCUSSION

The guidelines for the determination of child support obligations are set forth in La. R.S. 9:315, *et seq.*, and rely on the combined monthly adjusted gross income of the parents. *Bell v. Jackson*, 2018-1075 (La. App. 1 Cir. 5/31/19), 278 So.3d 382, 385. This Court generally affords great weight to a trial court's child support order and will not disturb such absent an abuse of discretion. *Id.* at 386. Further, we apply a manifest error standard of review to a trial court's factual conclusions regarding financial matters underlying a child support award. *Gerage v. McCants*, 2023-0294 (La. App. 1 Cir. 11/9/23), 2023 WL 7405225, *1.

---

[2] Mr. Wade does not appeal the trial court's judgment insofar as it finds him in constructive contempt of court.

4

Louisiana Revised Statutes 9:315.2(A)[3] sets forth the appropriate documentation for determining a child support obligation, as follows:

> Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. ... Suitable documentation of current earnings shall include but not be limited to pay stubs or employer statements. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party. When an obligor has an ownership interest in a business, suitable documentation shall include but is not limited to the last three personal and business state and federal income tax returns, including all attachments and all schedules, specifically Schedule K-1 and W-2 forms, 1099 forms, and amendments, the most recent profit and loss statements, balance sheets, financial statements, quarterly sales tax reports, personal and business bank account statements, receipts, and expenses. A copy of all statements and documentation shall be provided to the other party.

As La. R.S. 9:315.2(A) shows, documentation is essential to the setting of child support. *St. Philip v. Montalbano*, 2016-0254 (La. App. 1 Cir. 10/31/16), 206 So.3d 909, 912. Where the record lacks adequate information and documentation necessary to make a child support determination, a remand to the trial court is necessary. *Id.* at 913. However, if there is sufficient evidence in the record to render a decision, remand is unnecessary, even if some of the required documentation is lacking. *Id.*

At the May 24, 2023 hearing, Ms. Millican introduced her personal federal and state income tax returns for 2020, 2021, and 2022. She also introduced: Mr. Wade's personal federal and state income tax returns for 2020 and 2021; Wade Investment Enterprises, LLC's 2021 and 2022 bank statements; Karlie Vivian Properties, LLC's July and August 2021 bank statements; Core Electrical Contractors, Inc.'s 2020 federal return, including a Schedule K-1 showing Mr. Wade's shareholder share of income, deductions, credits, etc.; Core Investment Group, LLC's 2020 return, including a Schedule K-1 showing Mr. Wade's partner share of income, deductions, and credits, etc.; Morgan Wade LLC's 2020 return, including a Schedule K-1 showing Mr. Wade's partner share of income, deductions, and credits, etc.; and, partial 2022

---

[3] We use the version of La. R.S. 9:315.2(A) that was effective from August 15, 2009, through December 31, 2023. The statute was amended by 2023 La. Acts No. 24, §1, effective January 1, 2024.

5

Profit and Loss statements for CMG, LLC, Morgan Wade Logistics, LLC, and Wade Investment Enterprises, LLC.

Additionally, Ms. Millican introduced the unanswered requests for admissions her attorney had previously sent to Mr. Wade. In these requests, Mr. Wade was requested to admit that: (1) his 2020 gross income under the Louisiana child support guidelines was $610,381.00; (2) he took a $189,736.00 distribution from Core Electrical Contractors in 2020; and, (3) his present income in 2023 was the same or more than he made in year 2020. Ms. Millican also introduced worksheets showing childcare costs and child support arrearages owed by Mr. Wade. Lastly, she introduced an Obligation Worksheet stating that her monthly adjusted gross income was $6,724.50 and Mr. Wade's monthly adjusted gross income was $50,865.08.

In reasons for judgment,[4] the trial court explained that the child support amounts it awarded were based on evidence Ms. Millican had introduced regarding the parties' respective incomes, including expense reimbursements and in-kind payments Mr. Wade had received through a number of his businesses. The trial court noted that Mr. Wade was deemed to have admitted certain income set forth in the requests for admissions he had previously failed to answer. The trial court also noted that Mr. Wade failed to sufficiently dispute the income calculation with documentation and failed to disprove income from his businesses.

We first note that, on appeal, Mr. Wade does not specifically identify how the evidence relied upon by the trial court was "incomplete" nor how the incomplete evidence inaccurately represents his income. He makes generalized references to "missing schedules" and "incomplete tax returns" but does not identify which of the personal or business returns introduced was missing a schedule or otherwise incomplete. Further, under La. R.S. 9:315.2(A), it was Mr. Wade's duty, not Ms. Millican's, to introduce accurate and complete evidence of his current income. For

_____

[4] We note that, herein, the judgment and reasons for judgment are contained in the same document, contrary to the mandate of La. C.C.P. art. 1918(B), which requires that written reasons for a judgment be set out in an opinion separate from the judgment. However, a judgment that is complete in every respect is still valid despite the inclusion of written reasons. *Percle v. Lafourche Parish Government*, 2022-1276 (La. App. 1 Cir. 7/12/23), 371 So.3d 25, 27, n.1.

6

over a year, Mr. Wade repeatedly ignored the trial court's orders to produce evidence of his current income and now seeks to use his contemptuous behavior in his favor to reverse the trial court's child support order. Mindful of the important policy considerations associated with the setting of child support, an obligor parent should not be allowed to benefit from his own recalcitrance. *State in Interest of Washington v. Bourgeois*, 2022-0931 (La. App. 1 Cir. 3/8/23), 2023 WL 2397373, *3; *see Dazet v. Price*, 16-362 (La. App. 5 Cir. 2/7/16), 204 So.3d 1152, 1156.

Nevertheless, under the facts of this case, the record shows the trial court had sufficient evidence with which to calculate the child support obligation. Under La. C.C. arts. 1467(A) and 1468, due to Mr. Wade's unanswered requests for admissions, his 2023 income was "conclusively established" as the same or more than the $610,381.00 he made in 2020. And, contrary to Mr. Wade's argument, admissions may be used to establish a controversial issue constituting the crux of the matter in litigation, in this case, income. *Vardaman v. Baker Center, Inc.*, 1996-2611 (La. App. 1 Cir. 3/13/98), 711 So.2d 727, 731. Thus, based on the record evidence, we conclude the trial court's factual conclusions regarding the parties' respective incomes was not manifestly erroneous. *See Gerage*, 2023 WL 7405225 at *1. And, because the record contains sufficient evidence to support its findings, the trial court did not abuse its discretion in rendering the child support order herein. *See Dazet*, 204 So.3d at 1156.

## ANSWER TO THE APPEAL

In the June 28, 2023 judgment, the trial court ordered Mr. Wade to pay Ms. Millican $4,919.23 for court costs and attorney fees associated with her attorney's preparation for, filing of, and attendance at the May 24, 2023 hearing.[5] Ms. Millican answered Mr. Wade's appeal, seeking an award of additional attorney fees for

---

[5] Under La. C.C.P. art. 1920, the trial court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. Under La. R.S. 13:4611(1)(d)(i) and (g), a trial court may award attorney fees to the prevailing party in a contempt of court proceeding based on non-prevailing party's disobedience of a child support payment order.

defending this appeal.[6] When the trial court awards a party attorney fees, and the party is then forced to and successfully defends an appeal, it is appropriate for the appellate court to reasonably increase the amount of the awarded attorney fees to keep the appellate judgment consistent with the underlying judgment. *Locke v. MADCON Corporation*, 2022-0630 (La. App. 1 Cir. 12/22/22), 360 So.3d 519, 527, *writ denied*, 2023-00095 (La. 4/4/23), 358 So.3d 866. An appellate court has discretion to award or increase attorney fees for defending an appeal based on factors such as the attorney's skill and the amount of time and work reflected in the appeal. *Id.* Based on these factors and our review of the appeal, we conclude Ms. Millican is entitled to an additional award of attorney fees for successfully defending this appeal and find that $3,500.00 is a reasonable amount. Thus, we amend the trial court's judgment accordingly.

## CONCLUSION

For the foregoing reasons, we amend the June 28, 2023 judgment to award Serita Devone Millican additional attorney fees in the amount of $3,500.00 for work performed in connection with this appeal. The judgment is affirmed as amended. We assess costs of the appeal to Tevin Kadeem Wade.

**ANSWER TO APPEAL GRANTED. JUDGMENT AMENDED AND AFFIRMED AS AMENDED.**

---

[6] In her appellate brief, but not in her answer to the appeal, Ms. Millican also seeks an award of $618.13 in trial court costs that the June 28, 2023 judgment does not include. Because Ms. Millican's answer to the appeal seeks only additional attorney fees, and does not seek an award of the $618.13 in costs, we decline to award this amount. *See Stevens v. St. Tammany Parish Government*, 2017-0959 (La. App. 1 Cir. 7/18/18), 264 So.3d 456, 466, *writ denied*, 2018-2062 (La. 2/18/19), 265 So.3d 773.