706 So.2d 1005 (1997)
Mary Lavalley SCHULINGKAMP
v.
Byron C. SCHULINGKAMP.
No. 96 CA 2680.
Court of Appeal of Louisiana, First Circuit.
December 29, 1997.
Richard Ducote, New Orleans, for Defendant-Appellant.
Charlotte A. Pugh, Baton Rouge, for Plaintiff-Appellee.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
SHORTESS, Judge.
The main issue before the court is whether a spouse can recover for a spousal abuse claim in the context of a community property partition. Byron C. Schulingkamp (plaintiff) and Mary Lavalley Schulingkamp (defendant) were married on December 7, 1985. A divorce was granted on May 18, 1994. On August 19, 1994, plaintiff filed a petition for partition of community property,[1] as well as a detailed descriptive list of all property belonging to them in accordance with the provisions of Louisiana Revised Statute 9:2801. On October 11, 1994, defendant answered plaintiff's petition; she filed her detailed descriptive list on February 15, 1995. On February 26, 1996, defendant filed a supplemental descriptive list requesting from plaintiff's separate estate compensation for physical, emotional, and mental pain she suffered, *1006 which plaintiff inflicted on her. On June 21, 1996, plaintiff filed four rules;[2] peremptory exceptions of no cause of action and prescription; and dilatory exceptions of improper cumulation, lack of conformity with Louisiana Code of Civil Procedure article 891,[3] and vagueness. On July 22, 1996, the trial court held a hearing on the exceptions, but on its own motion to strike, ordered stricken the amendment to the detailed descriptive list filed by defendant. The peremptory and dilatory exceptions were declared moot.[4] Defendant appeals these rulings.

IN THE CONTEXT OF A COMMUNITY PROPERTY PARTITION PROCEEDING, CAN A SPOUSE OBTAIN COMPENSATION FROM THE OTHER SPOUSE'S SEPARATE ESTATE AND SHARE OF THE COMMUNITY ESTATES FOR ABUSE SUSTAINED DURING THE MARRIAGE?
Defendant contends the trial court erred in striking the supplemental detailed descriptive list. She maintains Revised Statute 9:2801, entitled "Partition of community property and settlement of claims arising from matrimonial regimes and co-ownership of former community property," allows for all claims arising from the matrimonial regime. Since her claim arose during the matrimonial regime, she avers that Revised Statute 9:2801 sets forth rules for such an action sustained during the marriage.
Revised Statute 9:2801 provides, in pertinent part:
When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding....
Contrary to defendant's contention, the "claims" to which the statute alludes are "liquidated claims." Black's Law Dictionary[5] defines "claim" as "the assertion of an existing right," while a "liquidated claim" is defined as "a claim concerning an amount that has been agreed on by the parties or that can be precisely determined by operation of law or by the terms of the parties' agreement." Clearly 9:2801 is referring to a liquidated claim as "the settlement of the claims between the spouses arising ... from the matrimonial regime." Defendant also refers to Louisiana Civil Code article 2344,[6] entitled "Offenses and quasi-offenses; damages as community or separate property." Defendant contends the compensation she should receive for the abuse she sustained is her own separate property based upon article 2344; therefore, reimbursement from plaintiff should come from his separate property or his share of the community property. However, defendant's conclusions in this instance are incorrect for the same reason as stated above. The damages to which Civil Code article 2344 refers are liquidated damages. It is not compensation one "thinks" is owed to her/him; it is damages owed pursuant to a judgment or settlement.
Defendant references McMorris v. McMorris;[7] this case held that damages due to personal injuries sustained prior to marriage are separate property. The "damages" referred to in McMorris are "liquidated damages" acquired through the *1007 settlement of a tort case. The damages sought here by defendant cannot by any stretch of the imagination be considered liquidated. The trial court on its own motion, pursuant to Code of Civil Procedure article 964,[8] ordered the supplemental portion of defendant's detailed descriptive list be stricken. The court stated in its oral reasons,
I agree with you that you can't bring a tort claim up in a descriptive list, ... and I think that this descriptive list becomes part of the pleadings, and I think article 964 gives me the power on my own motion to strike any pleading that constitutes an insufficient demand, which I so hold, and I strike the entire supplemental sworn descriptive list of Mary Morgan.
We agree with the trial court's action and reasoning. The claim asserted by defendant is merely a tort claim for which relief may be sought under Title V, Chapter Three, of the Civil Code entitled "Offenses and Quasi Offenses." Revised Statute 9:2801 does not provide for this type relief. Although the claim asserted by defendant was creative, it was an "insufficient demand" and should have been stricken by the court according to article 964.
Plaintiff contends this court should find this appeal frivolous and should award him damages. However, he did not answer defendant's appeal. In Fontenot v. State, 625 So.2d 1122, 1125 (La.App. 1st Cir.1993), we held: "Although LSA-C.C.P. art. 2164[9] provides for damages for frivolous appeals, such damages are not proper where the party does not appeal or answer the appeal." (Citations omitted; footnote inserted.)
Therefore, plaintiff's claim for damages for frivolous appeal is not properly before this court and will not be considered.

CONCLUSION
For the foregoing reasons, we affirm the order of the trial court striking defendant's Mary Lavalley Schulingkamp's, supplemental detailed descriptive list and rendering plaintiff's, Byron C. Schulingkamp's, peremptory exceptions moot. All appeal costs are taxed to defendant.
AFFIRMED.
NOTES
[1] Mary Schulingkamp is listed as the plaintiff in the suit caption; however, Byron Schulingkamp filed the petition for partition of community property and is the proper plaintiff in the case.
[2] The four rules filed by plaintiff were a rule for rental value or alternatively to allow plaintiff to occupy home; rule to place house on market for sale; rule for access to have contents inventoried; rule for offset and order to pay mortgage on home.
[3] Louisiana Code of Civil Procedure article 891 sets forth the rules for the form of petition.
[4] All other issues relating to partitioning the community property have been resolved and only this issue remains.
[5] Black's Law Dictionary 100 (Pocket Ed., Bryan A. Garner, ed., West Publishing Company 1996).
[6] Louisiana Civil Code article 2344 provides in pertinent part:

Damages due to personal injuries sustained during the existence of the community by a spouse are separate property.
[7] McMorris v. McMorris, 94-0590 (La.App. 1st Cir. 4/10/95), 654 So.2d 742.
[8] Louisiana Code of Civil Procedure article 964 provides in pertinent part:

The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter.
[9] Code of Civil Procedure article 2164 provides:

The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.