EDWIN A. LOMBARD, Judge, Ad Hoc.
| gPlaintiff/appellant Daniel Edward Ver-berne appeals the judgment of the trial court in favor of his former wife, defendant/appellee Shantal Marie Verberne, increasing his child support obligation for the couple’s minor son. After consideration of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court.

Relevant Facts and Procedural History

On May 10, 2002, the appellant filed for a divorce from the appellee. The appellee did not contest the divorce and, accordingly, a default judgment was entered on July 22, 2002, designating the appellee as the domiciliary parent, granting the appellant visitation rights, and ordering the appellant to pay $300.00 per month child support. On December 9, 2003, the appellee filed a Rule to Increase Child Support, petitioning the court to set the appellant’s child support in accordance with the Louisiana Child Support Guidelines, La.Rev. Stat. 9:315 et seq. (“the guidelines”). After hearing testimony and considering the evidence, the trial court entered judgment on July 5, 2005, raising the appellant’s child support obligation to $994.00 per month.

Discussion

On appeal, the appellant raises three assignments of .error. First, in assignments of error 1 & 2, the appellant contends that the trial court erred in |3not deviating from the guidelines because the appellee is living with another man and because the appellee had another child not subject to this action. In his third assignment of error, the appellant contends that the trial court erred in “failing to determine exactly what appellant earned as required by [La.Rev.Stat.] 9:315 et seq. and instead apply [sic] the figure of $87,000 which appeared as a preprinted figure on a self-employment form.”
The standard of review in a child support case is manifest error and, accordingly, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error. State, Dept. of Social Services ex rel. D.F. *622 v. L.T., 05-1965 (La.7/6/06), 934 So.2d 687; see also Campbell v. Campbell, 95-1711 (La.App. 1 Cir. 10/10/96) 682 So.2d 312, 316 (upon finding an abuse of discretion, an appellate court can only lower or raise the amount to highest point which was reasonably within the discretion of the trial court). As mandated by the guidelines, children should not become the economic victims of their parents divorce and, accordingly, child support is a continuing obligation of both parents.
In his first two assignments of error, the appellant contends the trial court erred in failing to consider that the appel-lee is living with another man and has another child. Under the guidelines, however, the determination of a parent’s child support obligation is based on the combined adjusted monthly gross income of both parents and, although it is within the trial court’s discretion to consider other factors such as those put forth by appellant, such consideration is not mandated by the guidelines. La.Rev.Stat. 9:315 C(2) & (5)(c). The appellant’s contention is very general in nature and makes no argument as to why the trial court’s failure to consider factors particular to |4this case constitutes an abuse of discretion. Moreover, our review of the record reveals nothing to which supports the appellant’s contentions. Accordingly, the appellant’s arguments in assignments of error 1 & 2 are without merit.
In his third assignment of error, the appellant argues that the trial court was manifestly erroneous in basing its decision on the figure indicated in his IRS forms “instead of determining exactly what Mr. Verberne made .... ” Although the appellant faults the trial court for not determining his exact income, a review of the hearing transcript and the bank records subpoenaed by the appellee suggest that (1) the appellant and his bookkeeper (and current wife) were purposely attempting to obfuscate the actual amount of the appellant’s personal income through intermixing business and personal accounts or (2) the appellant’s business and personal finances are so entangled that the appellant’s actual personal income is matter open to interpretation. At the hearing, the appellant’s counsel conceded to the judge that there were serious discrepancies in the appellant’s income tax return wherein the appellant and his current wife claimed an income of $24,000.00 but paid self-employment tax on $87,000.00. According to appellant’s counsel, “they’re making probably $85,000.00 to $86,000.00 a year.” Accordingly, based on the record before us, we do not find that the trial court was manifestly erroneous in calculating the appellant’s child support obligation based on an annual income of $87,000.00.

Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.