2016-0254 (La.App. 1 Cir. 10/31/16)

**Tina Katherine ST. PHILIP**

v.

**Jeffrey Bryan MONTALBANO**

**NO. 2016 CA 0254**

Court of Appeal of Louisiana,
First Circuit.

Judgment Rendered: OCTOBER 31, 2016

Jerri G. Smitko, Catherine R. Gauthier, Houma, Louisiana, Attorneys for Plaintiff/Appellee, Tina Katherine St. Philip

Charles N. Branton, Slidell, Louisiana and Shawn W. Rogers, Mandeville, Louisiana, Attorneys for Defendant/Appellant, Jeffrey Bryan Montalbano

BEFORE: WELCH, CRAIN, AND HOLDRIDGE, JJ.

CRAIN, J.

This is an appeal of a judgment awarding child support retroactively to the date of judicial demand. We affirm.

## FACTS AND PROCEDURAL HISTORY

Tina Katherine St. Philip and Jeffrey Bryan Montalbano were initially designated in this proceeding as the co-domiciliary parents of their minor child, with each party having physical custody of the child for approximately the same amount of time. On March 6, 2012, St. Philip filed a motion seeking to modify custody and requesting that Montalbano pay child support. In response to that motion, the parties mutually agreed to a judgment signed on November 28, 2012, that modified the custody arrangement by granting physical custody of the child to St. Philip for approximately two-thirds of the time. The judgment did not address St. Philip's request for child support.

The parties were unable to reach an agreement on permanent child support, and St. Philip's motion was reset for a hearing; however, the hearing was continued on multiple occasions, usually at the request of Montalbano. On one of the assigned hearing dates, March 5, 2015, the parties appeared in court and agreed to an interim amount of child support, which was reduced to a judgment signed on March 26, 2015. The interim obligation became effective on March 5, 2015, and the judgment reserved St. Philip's right to seek permanent and retroactive child support at a subsequent hearing.

On June 16, 2015, the trial court held a hearing that, based on the agreement of counsel, was limited to the determination of the amount of the current child support obligation. Both parties presented evidence, much of which addressed Montalbano's claim of a pre-existing child support obligation that, according to Montalbano, should be subtracted from his income. The trial court found that Montalbano did not sufficiently prove the pre-existing obligation, and in a judgment signed on July 16, 2015, awarded child support in favor of St. Philip in the monthly amount of $666.00, commencing on July 5, 2015. Pursuant to the parties' agreement, the judgment further ordered that the issue of retroactive child support would be heard on October 26, 2015. Neither party appealed that judgment.

Shortly before the October hearing, Montalbano filed another motion to continue, which the trial court denied. The hearing proceeded, but neither Montalbano nor his counsel attended. St. Philip introduced financial records for both parties dating back to 2012, and presented testimony from herself and Jodi Bergeron, an employee of St. Philip's counsel who assisted in reviewing the financial documents. In a judgment signed on November 4, 2015, the trial court awarded St. Philip the following amounts of child support: $1,325.00 per month from March 6, 2012, through December 31, 2012; $1,042.00 per month for the full year of 2013; $1,407.00 per month for the full year of 2014; and $666.00 per month from January 1, 2015, through June 30, 2015, subject to a credit for prior payments made during that period of time. The judgment also allocated certain costs and medical expenses between the parties.

Montalbano appealed the November 4, 2015 judgment and asserts the trial court erred by (1) denying the existence of a pre-existing child support obligation, (2) calculating child support without proper documentation, (3) allowing Bergeron to testify and render opinions, (4) awarding child support retroactive to March 6, 2012, (5) accepting the argument of St. Philip's counsel as evidence, and (6) failing to use

the appropriate worksheet for calculating the child support.

### ₄DISCUSSION

Louisiana Revised Statutes 9:315 through 9:315.26 provide the guidelines for the determination of child support and rely on the combined adjusted monthly gross income of both parents. *State, Department of Social Services, In The Interest of D.F. v. L.T.*, 05–1965 (La. 7/6/06), 934 So.2d 687, 690. The premise of these guidelines is that child support is a continuous obligation of both parents, children are entitled to share in the current income of both parents, and children should not be the economic victims of divorce or out-of-wedlock birth. La. R.S. 9:315A. An appellate court will not disturb an award of child support unless the trial court abused its discretion or committed manifest error. *See Interest of D.F.*, 934 So.2d at 690; *Verberne v. Verberne*, 05–2644 (La.App. 1 Cir. 9/27/06), 944 So.2d 620, 621.

In his first assignment of error, Montalbano asserts the trial court erred in denying the existence of a pre-existing child support obligation. Pursuant to Louisiana Revised Statute 9:315C(1)(a), the amount of a pre-existing child support obligation is subtracted from the parent's adjusted gross income for purposes of calculating the child support obligation at issue.[1] No evidence of a child support obligation was presented at the hearing that gave rise to the judgment on appeal. The only evidence in that regard was introduced at the hearing to establish the current child support obligation, which is the subject of the July 16, 2015 judgment. At that hearing, the trial court found Montalbano did not sufficiently prove the pre-existing obligation. Montalbano did not appeal the July 16, 2015 judgment nor does he request any modification of that judgment in this appeal.

█ ₅Montalbano nevertheless claims that "the issue of whether a pre-existing child support obligation could be applied to the arrearages ... was squarely in front of the Court when it reconvened" to determine that claim. Montalbano and his counsel, however, did not appear at that hearing to present any evidence in support of the claim. Thus, the evidentiary record giving rise to the November 4, 2015 judgment is devoid of any proof of a pre-existing child support obligation. Based upon that record, in rendering the November 4, 2015 judgment, the trial court did not abuse its discretion or commit manifest error by not finding the existence of a pre-existing child support obligation for Montalbano. This assignment of error is without merit.

█ Montalbano next asserts that the trial court lacked the proper documentation to make the arrearage award. Documentation is essential to the setting of child support. *Drury v. Drury*, 01–0877 (La.App. 1 Cir. 8/21/02), 835 So.2d 533, 539. Louisiana Revised Statute 9:315.2A addresses the appropriate documentation for determining a child support obligation and provides:

Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. ... Suitable documentation of current earnings shall include but not be limited to pay stubs or employer statements. The documentation shall include a copy of the party's most recent federal tax return. A copy

---

1. Subsection 9:315C(1)(a) was amended by 2015 La. Acts, No. 222, § 1, effective August 1, 2016, to additionally provide that the pre-existing child support obligation must be owed under "an order of support." Because we base our holding on other grounds, we do not address the applicability of this amendment.

of the statement and documentation shall be provided to the other party. When an obligor has an ownership interest in a business, suitable documentation shall include but is not limited to the last three personal and business state and federal income tax returns, including all attachments and all schedules, specifically Schedule K-1 and W-2 forms, 1099 forms, and amendments, the most recent profit and loss statements, balance sheets, financial statements, quarterly sales tax reports, personal and business bank account statements, receipts, and expenses. A copy of all statements and documentation shall be provided to the other party.

■ Montalbano points out that neither party produced verified income statements. In cases where the record contains inadequate information and documentation upon which to make a child support determination under the ₆guidelines, a remand to the trial court is necessary. *Bonnecarrere v. Bonnecarrere,* 09–1647, (La. App. 1 Cir. 4/14/10), 37 So.3d 1038, 1047, *writ denied,* 10–1639 (La. 8/11/10), 42 So.3d 381; *Barrios v. Barrios,* 95–1390 (La.App. 1 Cir. 2/23/96), 694 So.2d 290, 293, *writ denied,* 96–0743 (La. 5/3/96), 672 So.2d 691. However, if there is sufficient evidence in the record to render a decision in the case, remand in unnecessary, even if some of the required documentation is lacking. *Bonnecarrere,* 37 So.3d at 1047; *Barrios,* 694 So.2d at 293.

Here, St. Philip introduced financial documentation for both parties dating back to 2012. St. Philip's income was established by her federal income tax returns for 2012, 2013, and 2014, along with her testimony. Documentation of Montalbano's income included his personal tax return for 2014, W2 Wage and Tax Statements for 2013 and 2012, corporate tax returns for JBM Oil Sales Corporation (an entity owned by Montalbano) for 2014 and 2013, and several years of monthly statements for bank accounts and a brokerage account for Montalbano and JBM.

■ Although verified income statements were not introduced, we find the evidence contained sufficient documentation for the trial court to determine the respective incomes of St. Philip and Montalbano. *See Bonnecarrere,* 37 So.3d at 1047 (pay stubs for father's civilian employment and statement from military confirming his monthly reserve pay provided sufficient documentation to determine his income); *Collins v. Collins,* 12–726 (La. App. 3 Cir. 12/5/12), 104 So.3d 771, 775 (personal tax returns, W-2 statement, and profit and loss statements for husband's medical clinic were sufficient evidence for the trial court to determine the parties' earnings); *Hosch v. Hosch,* 96–0258 (La. App. 4 Cir. 11/27/96), 684 So.2d 541, 543 (federal income tax returns and earnings records from parties' employers were sufficient documentation to permit determination of their income). This assignment of error is without merit.

■ ₇Montalbano next contends that the trial court erred by permitting Bergeron to testify and render opinions. Bergeron is employed by St. Philip's counsel and reviewed the documentation provided by Montalbano concerning his income. Her testimony consisted primarily of identifying information contained in those documents, all of which were admitted into evidence, and summarizing the total amount of deposits made into the various accounts maintained by Montalbano. Contrary to Montalbano's claims on appeal, Bergeron's testimony was largely factual in nature. Furthermore, to the extent her testimony included any opinions not otherwise admissible under Louisiana Code of Evidence article 701, Montalbano failed to preserve this issue for appellate review by not making a contemporaneous objection

to the testimony. *See* La. Code Evid. art. 103A(1); *Chauvin v. Chauvin,* 10–1055 (La. App. 1 Cir. 10/29/10), 49 So.3d 565, 571. This assignment of error is without merit.

In a related assignment of error, Montalbano claims that the trial court erred by accepting the argument of St. Philip's counsel as evidence. This contention is apparently based on the admission of child support worksheets prepared by counsel. These worksheets, based on forms statutorily created by Louisiana Revised Statute 9:315.20, merely summarized information already contained in evidence; and, like Bergeron's testimony, were accepted without objection. *See* La. Code Evid. arts. 103A(1) and 1006. This assignment of error is without merit.

■ In his fifth assignment of error, Montalbano argues that the trial court erred in making the award of child support retroactive to March 6, 2012. Louisiana has a strong public policy requiring parents to provide for the maintenance and support of their children. *Vaccari v. Vaccari,* 10–2016 (La. 12/10/10), 50 So.3d 139, 142. In furtherance of that policy, it has long been held that a child support judgment |₈may be rendered retroactively. *See Vaccari,* 50 So.3d at 142. As explained by the court in *Vaccari:*

> [R]etroactivity is intrinsic to the concept of child support under Louisiana's civilian tradition. . . . Louisiana law abhors a gap in the support of one in need. Retroactivity in this context is not in the nature of a penalty, but merely a judicial recognition of pre-existing entitlement.

*Vaccari,* 50 So.3d at 142 (quoting *Fink v. Bryant,* 01–0987 (La. 11/28/01), 801 So.2d 346, 349–50; citations and internal quotation marks omitted).

The retroactivity of a child support award is governed by Louisiana Revised Statute 9:315.21, which addresses both interim and final awards of child support as follows:

A. Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.

B. (1) A judgment that initially awards or denies final child support is effective as of the date the judgment is signed and terminates an interim child support allowance as of that date.

(2) If an interim child support allowance award is not in effect on the date of the judgment awarding final child support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown, but in no case prior to the date of judicial demand.

C. Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.

\* \* \*

E. In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence, but in no case shall this date be a date prior to the date of judicial demand.

■ Under these provisions, except for good cause, an interim award of child support shall be retroactive to the date of |₉judicial demand. *See* La. R.S. 9:315.21A. If an interim award is not in effect on the date of the judgment awarding final child support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown. *See* La. R.S. 9:315.21B(2). If, as here, an interim order is in effect, Section 9:315.21 neither expressly permits, nor forbids, a court from making a final award retroactive. *See Vaccari,* 50 So.3d at 143; *Miles v. Hunter,* 14–0669 (La.App. 1 Cir. 11/20/14), 168 So.3d

430, 435. Upon a showing of good cause, a trial court may order a final child support award retroactive to the date of judicial demand even though an interim award is in effect. *Vaccari*, 50 So.3d at 143; *Miles*, 168 So.3d at 435.

The trial court signed an interim judgment making a provisional award of child support to St. Philip on March 26, 2015. That judgment, which was rendered approximately three years after St. Philip filed her motion, was not retroactive and reserved St. Philip's right to pursue "a permanent and retroactive child support award to the date of demand." As agreed by the parties, the retroactive award, meaning the amount of any arrearage, was determined at a separate hearing on October 26, 2015.

██ Until its final resolution, St. Philip's motion had been pending for over three years. Throughout that time, Montalbano repeatedly delayed her request for child support by filing multiple motions for continuances. Yet, when the final hearing date arrived to determine the arrearage, neither Montalbano nor his attorney formally opposed the request or even appeared at the hearing. Although an interim award of child support was in effect, that award was granted several years after the date of judicial demand and was not retroactive. This resulted in an approximate three-year gap in Montalbano's support of his minor child. That gap would have remained unaddressed if the final judgment had not granted the support retroactive to the date of judicial demand. The trial court's award thus prevented a substantial gap in the minor's support and is consistent with our civilian concept that the child support obligation pre-exists the judgment. *See Vaccari*, 50 So.3d at 142. As stated by the supreme court in *Vaccari*:

> This obligation is not suddenly imposed on [the father] on the date the judgment is signed. It is a judicial recognition of his already-existing obligation to support his children in accordance with his true income.

*Vaccari*, 50 So.3d at 144.

Under the facts and circumstances of this case, we do not find the trial court abused its discretion by awarding child support retroactively to the date of judicial demand. This assignment of error is without merit.

██ In his final assignment of error, Montalbano contends that the trial court erred by not using "Worksheet B" to calculate the amount of the retroactive award. Louisiana Revised Statute 9:315.9 sets forth the formula used in Worksheet B for calculating child support when the parents have shared custody. "Shared custody" is defined as "a joint custody order in which each parent has physical custody of the child for an approximately equal amount of time." La. R.S. 9:315.9A(1). The formula differs from the typical child support formula, which utilizes "Worksheet A," by providing a built-in adjustment for the duplication of costs that inevitably occurs in a shared custody arrangement, and is applied to reflect the actual percentage of time the child spends with each parent. *See Martello v. Martello*, 06–0594 (La.App. 1 Cir. 3/23/07), 960 So.2d 186, 195. In determining whether a particular arrangement is shared, Section 9:315.9 does not bind the trial court to a threshold percentage determined solely on the number of days. *Martello*, 960 So.2d at 195–96. The trial court has discretion in determining whether a particular arrangement constitutes "shared custody," justifying the application of Section 9:315.9. *Martello*, 960 So.2d at 196.

██ Montalbano argues that the custody judgment in the record is "a joint and shared custody order." We recognize that a judgment rendered prior to St. Philip's request for child support refers to the parties' custody as "shared," however, a

November 28, 2012 custody judgment, rendered in response to St. Philip's motion, modified the custody arrangement by reducing Montalbano's physical custody of the child to approximately one-third of the time, a fact conceded in the trial court by Montalbano's counsel. In light of that modification, the trial court did not abuse its discretion in utilizing Worksheet A to calculate the child support award pursuant to Louisiana Revised Statute 9:315.8. *See Martello*, 960 So.2d at 196 (trial court did not abuse its discretion by using Worksheet A where custody judgment gave father custody of the children approximately 42.85 percent of the time). This assignment of error is without merit.

In her brief on appeal, St. Philip requests an award of sanctions against Montalbano pursuant to Louisiana Code of Civil Procedure article 2164. Although Article 2164 authorizes an appellate court to award damages for frivolous appeals, such an award is not proper where the requesting party does not appeal or answer the appeal. *See Schulingkamp v. Schulingkamp*, 96–2680 (La.App. 1 Cir. 12/29/97), 706 So.2d 1005, 1007, *writ denied*, 98–0279 (La. `3/20/98), 715 So.2d 1219; *Walker v. Creech*, 509 So.2d 168, 172 (La. App. 1 Cir.), *writ denied*, 512 So.2d 464 (La. 1987). Because St. Philip did not appeal or answer Montalbano's appeal, her request for sanctions is not properly before this court and will not be considered. *See Schulingkamp*, 706 So.2d at 1007; *Walker*, 509 So.2d at 172.

## CONCLUSION

The November 4, 2015 judgment is affirmed. All costs of this appeal are assessed to Jeffrey Bryan Montalbano.

**AFFIRMED.**