## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2020 CA 0598

## ARYANNE H. ORTLIEB

## VERSUS

## JAMES CHADWICK WEBB

Judgment Rendered: **FEB 0 7 2022**

* * * * * * *

On Appeal from the 23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Trial Court No. 116,477

Honorable Katherine Tess Stromberg, Judge Presiding

* * * * * * *

| | |
|---|---|
| Roy H. Maughan, Jr.<br>Namisha D. Patel<br>Joshua D. Roy<br>Baton Rouge, Louisiana | Attorneys for Plaintiff/Appellant,<br>Aryanne H. Ortlieb |
| | |
| Nicole Tusa Templet<br>Baton Rouge, Louisiana | Attorney for Defendant/Appellee,<br>James Chadwick Webb |

* * * * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**PENZATO, J.**

Aryanne H. Ortlieb appeals a November 8, 2019 trial court judgment ordering her to pay child support to her ex-husband, James Chadwick Webb, and calculating arrearages.[1] For the following reasons, we reverse in part and affirm in part the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

The facts and procedural history of this case are as set forth in our prior opinion, *Ortlieb v. Webb*, 2020-0598 (La. App. 1 Cir. 4/26/21), 2021 WL 1621902, at *1-2 (footnotes omitted):

> Ms. Ortlieb and Mr. Webb were divorced by judgment signed January 23, 2017. The parties had one child during the marriage, A.L.W., born December 15, 2010. Although the parties did not have an executed judgment related to custody, Mr. Webb had physical custody of A.L.W. for four days out of every nine, based upon his work schedule with the Baton Rouge Fire Department. On May 8, 2017, Ms. Ortlieb filed a rule to set child support. The parties entered into a consent judgment related to child support, signed by the trial court on June 13, 2017, whereby Mr. Webb was ordered to pay to Ms. Ortlieb basic monthly child support of $500.00. The consent judgment stated that Ms. Ortlieb was responsible for any uncovered medical expenses of A.L.W., expenses associated with extracurricular activities, afterschool care and daycare, and expenses of tuition, registration, books, and supply fees required for attending a special or private school, as described in La. R.S. 9:315.6. On January 7, 2018, Ms. Ortlieb was admitted to St. James Behavioral Hospital because of depression and paranoid episodes. On January 11, 2018, Mr. Webb apparently filed an ex parte petition for custody in the Family Court for East Baton Rouge Parish. Following Ms. Ortlieb's discharge from the hospital on January 18, 2018, the parties became involved in litigation regarding the conditions and extent of her visitation with and the custody of A.L.W.
>
> Relevant hereto, on August 7, 2018, Ms. Ortlieb filed a "RULE FOR EX PARTE AND CONTEMPT." Ms. Ortlieb alleged that contrary to court orders, Mr. Webb had withdrawn A.L.W. from Oak Grove Primary School in Ascension Parish ("Oak Grove"), which she had been attending, with the intent to enroll her in the Central School District. Ms. Ortlieb sought an order directing Mr. Webb to immediately re-enroll A.L.W. in Oak Grove and finding him in contempt for willful disobedience of a previous court order. On

---

[1] The November 8, 2019 judgment also calculated the parties' pro rata share of expenses and provided the method by which a party may seek reimbursement. Because no answer to the appeal was filed and appellant did not assign error to this portion of the judgment, we do not address this on appeal.

2

September 27, 2018, the parties appeared before the court and entered into a stipulation setting the issues of "contempt, child support, and school placement" for trial on October 25, 2018. At the conclusion of the October 25, 2018 hearing, the trial court ordered that A.L.W. remain at Oak Grove and took the child support issues under advisement pending the submission of proof of income.

. . . .

On November 8, 2019, the trial court issued reasons for judgment and signed a judgment ordering Ms. Ortlieb to pay Mr. Webb $476.33 per month in child support beginning December 1, 2019. The judgment further decreed that Ms. Ortlieb was in arrears with regard to her child support obligation and ordered that she pay Mr. Webb $12,316.55.

Ms. Ortlieb filed a motion for new trial, which was denied by judgment signed February 4, 2020. She then filed this appeal of the November 8, 2019 judgment, arguing that the trial court erred when it calculated child support owed from Ms. Ortlieb to Mr. Webb even though Mr. Webb did not make a demand for child support with the trial court.

When we initially reviewed this case, we were unable to determine, from the record on appeal, whether Mr. Webb had made a demand for child support. Therefore, we remanded the case for an evidentiary hearing to determine whether Mr. Webb filed a judicial demand to modify or terminate his child support obligation in the trial court, and if so ordered that the record be supplemented with the pertinent pleading. *Ortlieb*, 2021 WL 1621902, at *3. While it does not appear that the trial court conducted an evidentiary hearing, the record on appeal was supplemented with a "MOTION TO ESTABLISH CUSTODY AND ANCILLARY MATTERS," filed by Mr. Webb on March 9, 2018, and a "RULE FOR CONTEMPT OF COURT, ATTORNEY [FEES] AND OTHER ANCILLARY MATTERS," filed by Mr. Webb on June 8, 2018. Accordingly, because the trial court made no determination as to whether Mr. Webb filed a judicial demand to modify or terminate his child support obligation, the matter is now before us for determination of the merits of Ms. Ortlieb's appeal.

3

## ASSIGNMENTS OF ERROR

Ms. Ortlieb contends the trial court erred:

(1) When it calculated child support arrearages past October 25, 2018, contrary to the pleadings filed by the parties;

(2) When it calculated child support owed from Ms. Ortlieb to Mr. Webb even though Mr. Webb did not make a demand for child support;

(3) When it calculated child support owed in this matter;

(4) When it calculated Ms. Ortlieb's income based on the evidence and testimony of the parties; and

(5) When it calculated Mr. Webb's income based on the evidence and testimony of the parties.

## LAW AND DISCUSSION

*Award of child support and arrearages*

In her first two assignments of error, Ms. Ortlieb contends that the trial court erred by ruling on child support issues raised in pleadings filed after the date of the October 25, 2018 hearing and in exceeding the scope of relief requested by Mr. Webb in his pleadings. Mr. Webb argues that his request to terminate his child support obligation was a request to modify the child support obligation and the parties' pro rata shares of the child's expenses.

In a proceeding for divorce or thereafter, the court may order either or both of the parents to provide support for a child based on the needs of the child and the ability of the parents to provide support. La. C.C. art. 141. Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand. La. R.S. 9:315.21(C). A judicial demand is commenced by the filing of a pleading presenting the demand for the enforcement of a legal right to a court of competent jurisdiction. La. C.C.P. art. 421; *Franks v. Franks*, 2020-1170 (La. App.

4

1 Cir. 4/16/21), 323 So. 3d 876, 878. The pleading or petition "shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." See La. C.C.P. art. 891.

A final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. See La. C.C.P. art. 862; see also La. C.C.P. art. 1841. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. La. C.C.P. art. 1154.

In his March 9, 2018 "MOTION TO ESTABLISH CUSTODY AND ANCILLARY MATTERS," Mr. Webb requested, *inter alia*, "the prior child support order be terminated, retroactive to January 11, 2018, the initial date of demand." In his June 8, 2018 "RULE FOR CONTEMPT OF COURT, ATTORNEY [FEES] AND OTHER ANCILLARY MATTERS," Mr. Webb also requested "his monthly child support obligation be terminated immediately, retroactive to the date of initial demand." Ms. Ortlieb correctly states that Mr. Webb "has not made a request to be paid child support in this matter." However, on September 27, 2018, the parties entered into a stipulation setting the issue of child support for trial on October 25, 2018. At the October 25, 2018 hearing, counsel for Ms. Ortlieb confirmed that the matters set for hearing on that day were the "trial on school modification and child support." Ms. Ortlieb testified at the hearing as to her expenses, including those paid on her behalf by her father, Rene Ortlieb. Mr. Ortlieb testified without objection as to the amount he paid monthly on Ms. Orltieb's behalf. Finally, Mr. Webb testified regarding his income and expenses. At the conclusion of the hearing, counsel for Ms. Ortlieb did not object

5

when the trial court indicated that it needed additional information in order to calculate child support, and issued an order requiring Mr. Ortlieb to furnish an itemization of expenses that he paid on behalf of Ms. Orltieb, as well as income and expense affidavits from both parties. Thus, we find the trial court was authorized to render judgment awarding child support to Mr. Webb. See La. C.C.P. art. 1154.

In addition to ordering Ms. Ortlieb to pay Mr. Webb $476.33 per month in child support beginning December 1, 2019, the November 8, 2019 judgment decreed that Ms. Ortlieb was $12,316.55 in arrears with regard to her child support obligation. In determining the amount of arrears, the trial court calculated child support "going forward from March 9, 2018, as that is the date of filing of Mr. Webb's demand for child support." However, as noted above, Mr. Webb's March 9, 2018 "MOTION TO ESTABLISH CUSTODY AND ANCILLARY MATTERS" sought termination of the prior child support order, but did not make a judicial demand for child support. Nor does the record reflect that Mr. Webb subsequently made a judicial demand for child support. Louisiana Revised Statutes 9:315.21(C) provides that a modification of child support shall be retroactive to the date of judicial demand, but in no case **prior** to the date of judicial demand. (Emphasis added.) While we find that the pleadings were expanded to allow a prospective award of child support, we do not find that Mr. Webb's request for termination of the prior child support award was sufficient to constitute a judicial demand as required by La. R.S. 9:315.21(C). Thus, we find the trial court erred in applying the child support award in favor of Mr. Webb retroactively, and vacate that portion of the November 8, 2019 judgment finding Ms. Ortlieb in arrears with regard to her child support obligation.

6

*Calculation of child support obligation*

In her final three assignments of error, Ms. Ortlieb objects to the trial court's calculation of child support, contending that the trial court erred in calculating the parties' income. She argues that the trial court erred by imputing living expenses paid by Mr. Ortlieb as income to her but failing to consider the living expenses paid by Mr. Webb's mother for his benefit. She further argues that the trial court erred when it imputed minimum wage to her as part of the child support calculations. Ms. Ortlieb contends that, according to Mr. Webb's pleadings and the trial court orders on custody, she was unable to care for her minor child due to her mental capacity, and La. R.S. 9:315.11 precludes imputing minimum wage to a mentally incapacitated party. Finally, she argues that the trial court underestimated Mr. Webb's income by failing to consider any potential income from Mr. Webb's rental properties after November 2018.

An appellate court will not disturb an award of child support unless the trial court abused its discretion or committed manifest error. *St. Philip v. Montalbano*, 2016-0254 (La. App. 1 Cir. 10/31/16), 206 So. 3d 909, 912, writ denied, 2016-2110 (La. 1/13/17), 215 So. 3d 255. Furthermore, the trial court's conclusions of fact regarding financial matters underlying an award of child support will not be disturbed in the absence of manifest error. *Romanowski v. Romanowski*, 2003-0124 (La. App. 1 Cir. 2/23/04), 873 So. 2d 656, 662.

The guidelines for the determination of child support obligations are set forth in La. R.S. 9:315, *et seq.*, and rely on the combined adjusted monthly gross income of the parents. *Bell v. Jackson*, 2018-1075 (La. App. 1 Cir. 5/31/19), 278 So. 3d 382, 385. Pursuant to La. R.S. 9:315(C)(5), "Income" means:

> (a) Actual gross income of a party, if the party is employed to full capacity; or

> (b) Potential income of a party, if the party is voluntarily unemployed or underemployed. A party shall not be deemed voluntarily

7

unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party.

(c) The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party's actual expenses.

If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. See La. R.S. 9:315.11(A)(1). Absent evidence of a party's actual income or income earning potential, there is a rebuttable presumption that the party can earn a weekly gross amount equal to thirty-two hours at a minimum wage, according to the laws of his state of domicile or federal law, whichever is higher. La. R.S. 9:315.11(A)(2).

Voluntary unemployment or underemployment for purposes of calculating child support is a question of good faith on the obligor-spouse. *Romanowski*, 873 So. 2d at 660. In virtually every case where a parent's voluntary unemployment or underemployment was found to be in good faith, courts have recognized extenuating circumstances beyond that parent's control which influenced or necessitated the voluntary change in employment. *Id.* Whether a spouse is in good faith in ending or reducing his or her income is a factual determination that will not be disturbed absent manifest error. *Id.* at 662.

At the October 25, 2018 hearing, Ms. Ortlieb testified that she lives in a house owned by Mr. Ortlieb and that he pays for the house and utilities. She also testified that she receives a monthly stipend of $1,200.00 from Mr. Ortlieb. According to Ms. Ortlieb, she had a photography business but last worked in 2012-2013 because she took time off to be with A.L.W. She denied that her mental

8

condition prevented her from having a job and testified that she was working on her website so she could return to the photography business.

Mr. Ortlieb also testified at the October 25, 2018 hearing and confirmed that Ms. Ortlieb lives in a house owned by him and that he pays all the bills associated with the house, including the electricity, garbage pickup, and cable. He estimated that the monthly electricity bill he pays on behalf of Ms. Ortlieb is $200.00 and the monthly cable bill is a little over $200.00. Mr. Ortlieb testified that he pays for Ms. Ortlieb's health insurance, which is about $500.00 per month. He also testified that he pays her car insurance. Mr. Ortlieb estimated that he pays expenses of $1,400.00 to $2,000.00 on Ms. Ortlieb's behalf each month, but explained that he has an accounts payable employee that actually pays the bills. Mr. Ortlieb denied that Ms. Ortlieb has a disability that prevents her from working.

At the October 25, 2018 hearing, Mr. Webb testified that he lives with his mother rent-free and that she pays all of his living expenses. He further testified that he was moving into his own home in three to four days. According to Mr. Webb, his gross monthly income from the Baton Rouge Fire Department is $3,575.62. In addition to his salary, he receives monthly rental income of $1,500.00 from a mobile home that he owns. Following the hearing, on June 20, 2019, Mr. Webb filed an income and expense affidavit, attaching thereto a letter dated October 31, 2018, from the tenant of his rental property, indicating that she was moving out of the property effective November 30, 2018.

In its reasons for judgment, the trial court found that Mr. Ortlieb gives Ms. Ortlieb $1,200.00 per month and pays her utilities, insurance, and cellular phone bill. It calculated the total amount Mr. Ortlieb pays monthly on behalf of Ms. Ortlieb to be $1,034.00, and attributed $2,234.00 ($1,200.00 + $1,034.00) to Ms. Ortlieb as income pursuant to La. R.S. 9:315(C)(5). The trial court further found that Ms. Ortlieb is capable of earning minimum wage and imputed to her

9

$1,256.66 per month. The trial court found that Mr. Webb lived with his mother from January 2018 through October 2018. The trial court further concluded that his mobile home generated rental income in the amount of $1,550.00 per month for the period from March 9, 2018 to November 30, 2018. The trial court found that Mr. Webb's gross monthly income from December 1, 2018 forward to be $3,572.62.

Based upon the record, we do not find any merit to Ms. Ortlieb's contention that the trial court erred by imputing living expenses paid by Mr. Ortlieb as income to her but failing to consider the living expenses paid by Mr. Webb's mother for his benefit. Both Ms. Ortlieb and Mr. Ortlieb testified that he provides her with a monthly stipend and pays for the house in which she lives, the utilities, and her health and car insurance. The trial court accepted Mr. Webb's testimony that he moved out of his mother's home in October 2018. There was no evidence that Mr. Webb's mother continued to pay any of his living expenses after that time.

Nor do we find any manifest error in the trial court's conclusion that Ms. Ortlieb is capable of earning minimum wage. Ms. Ortlieb denied that her mental capacity prevented her from having a job and indicated that she was taking steps to return to the photography business in which she previously worked. Mr. Ortlieb likewise denied that Ms. Ortlieb has a disability that prevents her from working.

Finally, we do not find any manifest error in the trial court's failure to consider any potential income from Mr. Webb's rental property after November 2018. The record contains evidence that the tenant intended to vacate the property effective November 30, 2018.

## CONCLUSION

For the above and foregoing reasons, that portion of the November 8, 2019 judgment ordering Aryanne H. Ortlieb to pay $476.33 per month in child support to James Chadwick Webb beginning December 1, 2019, is affirmed. The portion

10

of the November 8, 2019 judgment finding Aryanne H. Ortlieb to be $12,316.55 in arrears with regard to her child support obligation is reversed. The costs of this appeal are assessed one-half to Aryanne H. Ortlieb and one-half to James Chadwick Webb.

**AFFIRMED IN PART; REVERSED IN PART.**