NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 CA 0353

SHAMELL MARY LAVIGNE

VERSUS

VERONICA "VICKY" JONES D/B/A VERONICA "VICKY" JONES,
ATTORNEY AT LAW, LLC AND XYZ INSURANCE COMPANY

*Judgment Rendered:* DEC 2 0 2024

\* \* \* \* \* \* \* \*

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C706056

The Honorable Wilson E. Fields, Judge Presiding

\* \* \* \* \* \* \* \*

| | |
|---|---|
| Managan L. Johnson<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant<br>Shamell Mary Lavigne |
| Gus A. Fritchie, III<br>Edward W. Trapolin<br>Chris H. Irwin<br>New Orleans, Louisiana | Counsel for Defendant/Appellee<br>Veronica "Vicky" Jones d/b/a/<br>Veronica "Vicky" Jones, Attorney<br>at Law, LLC |

\* \* \* \* \* \* \* \*

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**THERIOT, J.**

Shamell Mary Lavigne appeals the 19th Judicial District Court's January 9, 2024 judgment dismissing her legal malpractice claims against Veronica "Vicky" Jones with prejudice. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On January 7, 2019, Shamell Mary Lavigne retained attorney Veronica "Vicky" Jones to represent her in a child support and custody matter against Tyrell Braud in the 23rd Judicial District Court for the Parish of St. James, Louisiana ("St. James Parish"). Lavigne paid Jones $5,500.00 in advance for her legal services.

A hearing in Lavigne's child support and custody case was set for April 1, 2019. Jones did not request Braud's income information or propound discovery prior to the scheduled hearing date. Rather, on the day of the hearing, Braud's attorney provided to Jones a partial check stub as proof of Braud's income.[1] In lieu of a hearing, the parties agreed after some discussion that Braud would pay to Lavigne $1,135.96 per month in child support. This agreement and other related stipulations were memorialized in a stipulated judgment signed by the trial court on May 20, 2019 ("2019 Stipulated Judgment").[2]

Lavigne's child support and child custody case became active again in March 2020 when Braud sought a reduction in child support. Lavigne hired new representation for these proceedings and, on June 25, 2020, filed a petition to

---

[1] On March 29, 2019, Jones's firm emailed Lavigne to request Lavigne's last six check stubs and her 2018 tax return and/or W-2 in advance of the April 1, 2019 hearing.

[2] The 2019 Stipulated Judgment states in relevant part:

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that child support is set in the amount of **$1,135.96 per month**, retroactive to August 21, 2018, payable in equal installments on the 1st and 15th of each month. Retroactive support is set in the amount of **$3,830.42** through March 31, 2019, including credit for payments made. [Braud] shall provide a paycheck stub within five (5) days to verify income used[.]

> The 2019 Stipulated Judgment also set forth the minor child's physical custody schedule and designated Lavigne as the domiciliary parent.

2

nullify the 2019 Stipulated Judgment in St. James Parish. She alleged that the income information provided by Braud prior to the April 1, 2019 hearing was misleading and/or fraudulent. Lavigne further alleged that the amount of child support awarded in the 2019 Stipulated Judgment had been calculated incorrectly based upon Braud's misleading income information. She asked the court to rescind the 2019 Stipulated Judgment based upon that error of fact. On September 28, 2021, following a hearing on the matter, the trial court signed a judgment nullifying the 2019 Stipulated Judgment.[3]

At issue in this appeal is a legal malpractice suit filed by Lavigne against Jones on March 30, 2021 in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana ("East Baton Rouge Parish"). Lavigne alleged that Jones was required by statute and local district court rules to obtain certain proofs of Braud's income prior to the April 1, 2019 hearing. Lavigne argued that Jones's failure to obtain the required income information constituted legal malpractice.

A trial on Lavigne's legal malpractice claims was held on December 13, 2023. Both Jones and Lavigne testified. At the close of Lavigne's presentation of evidence, Jones moved for a directed verdict, arguing that Lavigne made no showing that Jones's actions breached the standard of care for family law attorneys practicing in St. James Parish. The trial court took the matter under advisement and, on December 20, 2023, issued a ruling dismissing Lavigne's legal malpractice claims with prejudice. In oral reasons, the trial court stated that Lavigne failed to present evidence relating to the standard of care applicable to Jones. A written judgment to this effect was signed by the trial court on January 9, 2024. This appeal by Lavigne followed.

---

[3] The trial court also granted Braud's motion for reduction of child support and directed that child support in the amount of $1,243.37 per month be garnished from Braud's pay.

## ASSIGNMENTS OF ERROR

Lavigne assigns the following as error:

(1) The trial court manifestly erred in finding that Jones was not negligent and/or grossly negligent in failing to seek, through discovery or any other method, the statutorily required proofs of income under Louisiana law governing the establishment of child support.

(2) The trial court legally erred in finding that the Louisiana child support guidelines do not apply to stipulated child support amounts and that Jones was not negligent in setting an inadequate child support amount in the absence of the legally required income documentation.

(3) The trial court manifestly erred in finding that Jones was not negligent and/or grossly negligent in relying on a single paystub containing no name, dates, or employer for the purposes of determining child support.

(4) The trial court erred in finding that Jones was not negligent and/or grossly negligent in failing to fulfill her "duty to speak" under Rule 1.4 of the Rules of Professional Conduct and in failing to advise her client.

(5) The trial court legally erred in finding that Lavigne failed to establish the standard of care for law practice and/or that expert testimony was required.

## STANDARD OF REVIEW

Although Jones moved for a directed verdict, a directed verdict is only appropriate in a jury trial. See La. Code Civ. P. art. 1810. Louisiana Code of Civil Procedure article 1672(B) provides the basis for an involuntary dismissal at the close of a plaintiff's case in an action tried by the court without a jury. Nevertheless, that error is one of form rather than substance, as the ultimate object of both motions is the same. *Gillmer v. Par. Sterling Stuckey*, 2009-0901 (La. App. 1 Cir. 12/23/09), 30 So.3d 782, 785 n.2.

Louisiana Code of Civil Procedure 1672(B) states:

In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, **any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief.** The court may then determine the facts and render

4

judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence. (Emphasis added.)

Thus, Article 1672(B) provides the basis for an involuntary dismissal at the close of a plaintiff's case in a bench trial, when a plaintiff has shown no right to relief based on the facts and law. In determining whether an involuntary dismissal should be granted, the appropriate standard is whether the plaintiff has presented sufficient evidence in his case-in-chief to establish a claim by a preponderance of the evidence, which means taking the evidence as a whole, the fact or cause sought to be proved is more probable than not. When considering a motion for involuntary dismissal, a plaintiff is entitled to no special inferences in his favor. However, absent circumstances in the record casting suspicion on the reliability of the testimony and sound reasons for its rejection, uncontroverted evidence should be taken as true to establish a fact for which it is offered. *Succession of Arseneaux*, 2022-0638 (La. App. 1 Cir. 12/29/22), 360 So.3d 868, 872, writ denied, 2023-00135 (La. 4/4/23), 358 So.3d 873.

The trial court's grant of an involuntary dismissal is subject to the manifest error standard of review. Accordingly, in order to reverse the trial court's grant of an involuntary dismissal, we must find that there is no factual basis for the trial court's finding or that the finding is clearly wrong. The issue is not whether the trial court was right or wrong, but whether its conclusion was reasonable. *Broussard v. Voorhies*, 2006-2306 (La. App. 1 Cir. 9/19/07), 970 So.2d 1038, 1041-42, writ denied, 2007-2052 (La. 12/14/07), 970 So.2d 535. Because an involuntary dismissal of an action pursuant to Article 1672(B) is based on the "facts and law," a review of the substantive law applicable to the plaintiff's case is necessary. *Lakeshore Chrysler Dodge Jeep, Inc. v. Windstream Commc'ns, Inc.*, 2017-0841 (La. App. 1 Cir. 12/21/17), 240 So.3d 939, 943.

Generally speaking, Louisiana law recognizes a legal malpractice cause of action in favor of a client injured as a result of his attorney's negligent representation. *Bias v. Haley*, 2023-0281 (La. App. 1 Cir. 11/3/23), 383 So.3d 175, 183. A legal malpractice claim in Louisiana is a negligence claim, albeit a professional negligence claim, and thus derives from La. Civ. Code arts. 2315 and 2316. *Guilbeau Marine, Inc. v. Ledet*, 2023-0065 (La. App. 1 Cir. 9/15/23), 375 So.3d 977, 985, writ denied, 2023-01369 (La. 12/19/23), 375 So.3d 411. A legal malpractice plaintiff must prove three different elements to successfully bring a legal malpractice action: (1) the existence of an attorney-client relationship; (2) negligent representation by the attorney or professional impropriety in the attorney's relationship with the client; and (3) loss caused by that negligence or misconduct. Failure to prove any one of these elements is fatal to the plaintiff's claim. *Bias*, 383 So.3d at 183-84.

The standard of care that an attorney must exercise in the representation of a client is that degree of care, skill, and diligence that is exercised by prudent practicing attorneys in his locality. *Bias*, 383 So.3d at 184. The attorney is not required to exercise perfect judgment in every instance. However, the attorney's license to practice and his contract for employment hold out to the client that he possesses certain minimal skills, knowledge, and abilities. *Leonard v. Reeves*, 2011-1009 (La. App. 1 Cir. 1/12/12), 82 So.3d 1250, 1257.

**DISCUSSION**

Assignment of Error #5

Lavigne argues that the trial court erred in finding that expert testimony was required to establish the applicable standard of care. At trial, Lavigne had the burden of proving that Jones failed to exercise at least that degree of care, skill, and diligence exercised by prudent practicing attorneys in St. James Parish, the venue of Lavigne's child support and custody case. Typically, a plaintiff will retain an

expert witness both to establish the standard of care for prudent attorneys in the relevant locality and to show that the defendant's actions fell below the standard of care. *MB Indus., LLC v. CNA Ins. Co.*, 2011-0303 (La. 10/25/11), 74 So.3d 1173, 1184.

Our Supreme Court has held that expert testimony must be introduced in legal malpractice cases to establish the applicable standard of care, except in those rare cases where the malpractice is so egregious that the trier of fact could infer the defendant's actions fell below any reasonable standard of care.[4] See *Guilbeau Marine, Inc.*, 375 So.3d at 986, citing *MB Indus., LLC*, 74 So.3d at 1184. Examples of obvious acts of professional negligence by an attorney for which no expert testimony is needed include the failure to timely assert a claim and the failure to appear and defend a client when that client faces substantial ramifications. See *Benware v. Means*, 98-0203 (La. App. 1 Cir. 5/12/00), 760 So.2d 641, 648-49; see also *Guilbeau Marine, Inc.*, 375 So.3d at 986 n. 11.

The trial court ruled that Lavigne failed to establish the standard of care applicable to family law attorneys practicing in St. James Parish. In so finding, the trial court implicitly concluded that expert testimony was necessary to set forth the applicable standard of care. In other words, the trial court's ruling indicates that it did not find Jones's acts to be so egregious that it could infer that Jones's actions fell below any reasonable standard of care. See *Guilbeau Marine, Inc.*, 375 So.3d at 986. Accordingly, we must determine whether the acts of alleged legal malpractice are "obvious" or constitute "gross error" such that expert testimony is

---

[4] In many cases, the trial court, which is of necessity familiar with the standards of practice in its community, is competent to make such a determination without the assistance of expert witnesses. *Bias*, 383 So.3d at 184. However, Lavigne's initial custody and child support case and subsequent petition to nullify the 2019 Stipulated Judgment were filed in St. James Parish, while her legal malpractice petition was filed in East Baton Rouge Parish district court, which does not have jurisdiction over family matters. Thus, the two suits were filed in different parishes which may or may not have their own unique standards of practice.

7

unnecessary. See *MB Indus., LLC*, 74 So.3d at 1184-85. With these principles in mind, we turn to the remaining assignments of error.

Assignments of Error #1 and #3

Lavigne argues that the trial court erred in not finding Jones to be grossly negligent in failing to seek proof of the opposing party's income as required by La. R.S. 9:315, *et seq.* and in relying upon a single, incomplete check stub when calculating child support.

Documentation is essential to the setting of child support. *St. Philip v. Montalbano*, 2016-0254 (La. App. 1 Cir. 10/31/16), 206 So.3d 909, 912, <u>writ denied</u>, 2016-2110 (La. 1/13/17), 215 So.3d 255. Louisiana Revised Statutes 9:315.2(A) provides:

> A. **Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings.** Spouses of the parties shall also provide any relevant information with regard to the source of payments of household expenses upon request of the court or the opposing party, provided such request is filed in a reasonable time prior to the hearing. Failure to timely file the request shall not be grounds for a continuance. **Suitable documentation of current earnings shall include but not be limited to pay stubs or employer statements. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.** When an obligor has an ownership interest in a business, suitable documentation shall include but is not limited to the last three personal and business state and federal income tax returns, including all attachments and all schedules, specifically Schedule K-1 and W-2 forms, 1099 forms, and amendments, the most recent profit and loss statements, balance sheets, financial statements, quarterly sales tax reports, personal and business bank account statements, receipts, and expenses. A copy of all statements and documentation shall be provided to the other party. (Emphasis added.)

At trial, Jones admitted that she never propounded discovery on Braud. She testified that she could not recall contacting Braud's attorney to obtain his income information prior to the hearing set for April 1, 2019. However, Jones further testified that La. R.S. 9:315.2 does not require her to obtain any documentation in

order to reach a stipulation and instead requires each party to provide their own income information to the court.

Jones acknowledged that Lavigne expressed concerns about the validity of Braud's first check stub, which was missing Braud's name and the pay period date. According to Jones, Braud represented that the check stub provided was his most recent. The parties used this check stub to calculate child support, but stipulated that Braud would provide a check stub within five days to verify his income.[5] Using Lavigne's income and the check stub provided by Braud, Jones calculated that Braud was obligated to pay $1,135.96 in monthly child support. Jones testified that she presented Lavigne with that amount but did not advise Lavigne whether she should agree. Jones further testified that Lavigne knew what information had been provided and that Lavigne eventually chose to stipulate to the amount of child support after the calculations were done. She also testified that the parties negotiated several other issues aside from child support.

Lavigne testified that Jones did not provide any guidance regarding the 2019 Stipulated Judgment. She testified that Braud's check stub, combined with his assertion that it was his most recent, indicated that he was making $90,000.00 a year. Lavigne testified that, after she retained new counsel, she subpoenaed Braud's employment records and determined that he was making twice that amount. She alleged that she received $500.00 less in child support each month while the 2019 Stipulated Judgment was in effect as a result of Jones using Braud's misleading income information to calculate child support.[6]

Importantly, Louisiana Revised Statutes 9:315.2(A) requires each party to provide a verified income statement with documentation of current and past

---

[5] Jones testified that Braud's attorney later provided her with a second check stub, but she did not use the new information to recalculate child support. The second check stub included Braud's name but was not dated.

[6] Lavigne also alleged that she incurred approximately $22,210.00 in attorney's fees and court costs as a result of Jones's alleged malpractice.

earnings. The statute does not require that each party conduct discovery; rather, the onus is on each party to provide his own income information. In reaching its eventual conclusion, the trial court determined that Jones's failure to propound discovery was not an act of obvious negligence such that expert testimony would be unnecessary. We find no manifest error in this determination. See *Broussard*, 970 So.2d at 1041-42.

Further, considering that the initial check stub was presented through Braud's attorney, and considering the parties' eventual agreement that Braud would provide a complete check stub within five days, we find no manifest error in the trial court's failure to find Jones's reliance upon the opposing party's purported income to be grossly negligent. These assignments of error lack merit.[7]

Assignment of Error #2

Lavigne argues that the trial court erred in finding that Louisiana's child support guidelines do not apply to stipulated child support amounts. Lavigne is referring to the trial court's finding that both parties stipulated to the amount of child support memorialized in the 2019 Stipulated Judgment.

Louisiana Revised Statutes 9:315.1 states:

D. The court may review and approve a stipulation between the parties entered into after the effective date of this Part as to the amount of child support to be paid. If the court does review the stipulation, the court shall consider the guidelines set forth in this Part to review the adequacy of the stipulated amount and may require the parties to provide the court with the income statements and documentation required by R.S. 9:315.2.

However, whether the St. James Parish trial court properly reviewed the stipulation – which was eventually nullified – is not at issue before this court.

---

[7] Lavigne also argues that Jones was negligent in failing to seek proof of Braud's income as required by Appendix 23.0 of the Rules of Louisiana District Courts and Juvenile Courts and Louisiana Family Law Proceedings. Relevantly, Appendix 23.0A requires parties litigating child support issues in St. James Parish to exchange proof of income, among other information, before 4:00 p.m. on a day that allows one full working day before the scheduled hearing. We find no manifest error in the trial court's determination that Jones was not grossly negligent as it related to the income information presented to her.

Lavigne further argues that the trial court erred in finding that Jones was not negligent in setting an inadequate child support amount in the absence of the legally required documentation. The crux of this argument is whether Jones was grossly negligent in using the check stub provided by Braud's attorney to calculate child support. As expressed above, we find no manifest error in the trial court's apparent conclusion that Jones was not grossly negligent in so relying.

Assignment of Error #4

Lavigne argues that Jones failed to fulfill her "duty to speak" under Rule 1.4 of the Rules of Professional Conduct and failed to advise her client of the implications of signing the 2019 Stipulated Judgment.[8] Lavigne refers to Jones's admission that she did not advise Lavigne whether or not to sign the 2019 Stipulated Judgment, as well as Jones's testimony that she did not consult with Lavigne before deciding not to issue discovery requests.

An attorney has an affirmative duty under Rule 1.4 of the Rules of Professional Conduct to keep his client reasonably informed about the status of the matter and give the client sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which there are to be pursued. *Lomont v. Myer-Bennett*, 2014-2483 (La. 6/30/15), 172 So.3d 620, 633. Lavigne argues that Jones failed to give her sufficient information to allow her to intelligently participate in the case.

Proof of the violation of an ethical rule by an attorney, standing alone, does not constitute actionable legal malpractice per se or proof of factual causation. *Leonard*, 82 So.3d at 1257. By concluding that Lavigne failed to establish the standard of care, the trial court evidently determined that Jones was not grossly

---

[8] Lavigne asserts in her appellate brief that the trial court failed to rule on the "duty to speak" issue despite that issue being litigated at trial. Generally, silence in a judgment of the trial court as to any issue, claim, or demand placed before the court is deemed a rejection of the claim and the relief sought is presumed to be denied. *Schoolhouse, Inc. v. Fanguy*, 2010-2238 (La. App. 1 Cir. 6/10/11), 69 So.3d 658, 664.

negligent in allegedly failing to advise or communicate with Lavigne. Considering the evidence presented at trial, we find no manifest error in that determination.

## DECREE

For the above and foregoing reasons, the 19th Judicial District Court's January 9, 2024 judgment granting a directed verdict in favor of Veronica "Vicky" Jones and dismissing Shamell Mary Lavigne's legal malpractice claims is affirmed. Costs of this appeal are assessed to Appellant, Shamell Mary Lavigne.

**AFFIRMED.**